## No. 16,675.

### RAND *v.* ANDERSON.
(248 P. [2d] 737)

Decided September 22, 1952.

Mr. E. F. Conly, for plaintiff in error.

Mr. H. Joe Rawlinson, Jr., Mr. Fred R. Rehmer, for defendant in error.

*En Banc.*

Per Curiam.

A CAREFUL study of the record herein by each participating justice, convinces that the judgment should be reversed, especially as to the money judgment against plaintiff and in favor of defendant. If it finally be determined that such a judgment should be entered, then, in considering the amount of such judgment, it seems inequitable that defendant be charged with room rental for his occupancy of the property of which he was, at the time, owner in joint tenancy, when no allowance was made for his services during the eighteen months that he attempted to fulfill his obligation, whatever that might be under the contract as alleged in the complaint; further, defendant's rights under any such judgment should be immediately effective.

■■ On the question of cancellation of an instrument such as is here involved, where it is alleged that the instrument in question was executed in accordance with an agreement or contract, then the burden of establishing the contract as alleged is upon plaintiff, as well as its breach, not only by evidence that is definite and clear, but it must be beyond reasonable doubt. As disclosed by this record, the trial court seemingly took the position that the rule above stated is restricted to

criminal cases. We are satisfied, according to the record, that neither plaintiff's presentation of her case, defendant's presenting of his defense, nor the rulings of the trial court, were such as to afford either plaintiff or defendant the benefit of a fair trial, and without further discussion of questionable errors, which would entail lengthy detail of evidence and rulings of the trial court, we believe it to be for the best interests of the litigants that they again try the issues as formed and have the benefit of a new trial without any indication from this court as to either side of the controversy.

It therefore is ordered that the opinion heretofore announced herein be withdrawn; the judgment reversed; and the cause remanded with directions for a new trial as indicated.

MR. CHIEF JUSTICE JACKSON not participating.